UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEEMA NAYAK, M.D., ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:12-cv-0817-RLY-MJD |
| ) | |
| ST. VINCENT HOSPITAL AND HEALTH ) | |
| CARE CENTER, INC., ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL PURSUANT TO RULE 12(b)(6)**

Plaintiff, Seema Nayak ("Plaintiff"), is a former employee of the defendant, St. Vincent Hospital and Health Care Center, Inc. ("St. Vincent"). Following St. Vincent's decision not to renew her residency contract, Plaintiff filed the present case against St. Vincent, alleging that St. Vincent discriminated against her on the basis of her national origin (Indian) and sex, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and her alleged disability, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), as amended by ADA Amendments Act of 2008 ("ADAAA"). Plaintiff also asserts claims for retaliation under Title VII and the ADA. St. Vincent moves to dismiss only Count IV, Plaintiff's claim for disability discrimination. For the reasons set forth below, the motion is **GRANTED** in part, and **DENIED** in part.

I. **Factual Background**

On July 7, 2007, Plaintiff matriculated into the Obstetrics and Gynecology ("OB/GYN") residency program as a first-year resident at St. Vincent. (Complaint ¶ 21). The following year, she was promoted to second-year residency status. (*Id.* ¶ 22).

In March and April 2009, Plaintiff began to experience pregnancy-related issues, including morning sickness. (*Id.* ¶ 31). On May 15, 2009, Plaintiff was placed on complete bed rest. (*Id.* ¶ 33). While on bed rest, in August of 2009, one of Plaintiff's unborn twins passed away. (*Id.* ¶ 34). Plaintiff delivered a baby on November 11, 2009, by caesarean section. (*Id.* ¶ 36).

As a result of Plaintiff's pregnancy complications, she experienced post-partum difficulties, including symphysis pubis dysfunction, which required physical therapy before returning to work. (*Id.* ¶ 39). On the insistence of Plaintiff's physician, St. Vincent's OB/GYN Residency Program Director, Dr. Eric Strand ("Dr. Strand"), permitted Plaintiff to take an eight-week maternity leave. (*Id.* ¶ 40). On December 10, 2009, Dr. Strand sent a letter to Plaintiff placing new conditions on her return to work. (*Id.* ¶ 41).

On December 28, 2009, Plaintiff returned to work and was immediately placed on a third-year residency rotation under the direction of Dr. Jody Freyre ("Dr. Freyre"), with whom Plaintiff had previous personal difficulties. (*Id.* ¶¶ 42, 43). On January 13, 2010, Dr. Freyre placed Plaintiff on probation. (*Id.* ¶ 44).

On May 14, 2010, the Residency Education Committee decided unanimously not to renew Plaintiff's residency contract. (*Id*. ¶ 46). Plaintiff appealed the decision, and lost. (*Id*. ¶¶ 52, 54).

On June 30, 2010, Dr. Strand sent the American Board of Obstetrics and Gynecology a letter indicating that the reason St. Vincent did not renew Plaintiff's residency contract was "[d]ue to medically complicated pregnancy and significant concerns regarding her academic progress." (*Id*. ¶ 55 & Ex. 6).

**I.    Motion to Dismiss Standard**

Pursuant to Rule 12(b)(6), a complaint may be dismissed if the plaintiff fails to state a claim upon which relief may be granted. To survive a motion to dismiss, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs*., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Rule 8(a)(2)). Thus, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964 (2007). In addition, the complaint's "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" *Id*. (quoting *Bell Atlantic*, 127 S.Ct. at 1965)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II. Discussion

The ADAAA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102. A "physical or mental impairment" is defined by the Equal Employment Opportunity Commission ("EEOC") in its interpreting regulations as "any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems," including the reproductive system. 29 C.F.R. § 1630.2(h)(1). For purposes of this motion, St. Vincent assumes that Plaintiff has sufficiently alleged a physical impairment. The issue presented is whether Plaintiff has sufficiently alleged pregnancy and post-pregnancy complications that substantially limited the major life activity of working. Plaintiff alleges discrimination under the actual disability prong of subsection (A) and discrimination under the "regarded as" prong of subsection (C). The court will begin with her case under subsection (A).

### A. Disability Discrimination

In support of St. Vincent's motion with respect to Plaintiff's disability discrimination claim, St. Vincent cites the court to *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540 (7th Cir. 2012). There, the plaintiff suffered from pregnancy-related complications, prompting her doctor to order bed rest for twelve days, and to institute restrictions, including no heavy lifting or strenuous activities, for approximately four

4

months. *Id*. at 545-46. These restrictions were removed by her doctor approximately four months before she gave birth. *Id*. at 547. The Seventh Circuit held that the plaintiff's pregnancy-related complications did not substantially limit her from performing the major life activity of reproduction because her complications did not last throughout her pregnancy nor extend beyond the time she gave birth. *Id*. at 555. The Court also found that her pregnancy-related complications did not substantially limit her from performing the major life activity of lifting because her lifting restriction was of limited duration and was not an abnormal condition of a pregnancy. *Id*.

The facts and controlling law in *Serednyj* differ from Plaintiff's in two important respects. First, *Serednyj* was decided under the ADA, not the ADAAA. The interpreting regulations of the ADAAA specifically provide that "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 29 C.F.R. § 1630.2(j)(1)(i). Moreover, according to these same regulations, "[t]he effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section." *Id*. at § 1630.2(j)(1)(ix). Second, Plaintiff's pregnancy-related complications lasted far longer than the *Serednyj* plaintiff's complications – roughly eight months – and they lasted beyond her pregnancy.

The two other district court decisions relied upon by St. Vincent also differ from the present case. In *Sam-Sekur v. Witmore Group, Ltd.*, the district court dismissed the

5

plaintiff's ADAAA claim because she failed to allege any post-pregnancy physiological disorders related to her pregnancy. 2012 WL 2244325, at * 8-9 (E.D.N.Y. June 15, 2012). In the present case, Plaintiff alleged that she suffered from symphysis pubis dysfunction post-partum for approximately two months.

In *Cooke v. Berkshire Farm Ctr. & Servs for Youth*, the district court dismissed plaintiff's ADA claim in part because she failed to alleged that her pregnancy-related complications had any long-term or permanent impact. 2012 WL 668612, at *5-6 (E.D.N.Y. Feb. 29, 2012). This case, like *Serednyj*, was decided under the ADA, not the more lenient ADAAA. Given the lenient standard on a motion to dismiss, the current change in the law stating that an impairment lasting less than six months can be substantially limiting, and the present allegations of Plaintiff's Complaint, the court, in an abundance of caution, finds Plaintiff has sufficiently pled a plausible claim for disability discrimination under subsection (A).

**B.     Regarded As Disabled**

St. Vincent argues that Plaintiff's "regarded as" claim under subsection (C) fails for two reasons. First, Plaintiff's pregnancy-related complications were transitory in nature. Second, Plaintiff's perceived impairment(s) were not the "but-for" cause of St. Vincent's decision not to renew Plaintiff's residency contract.

The ADAAA specifically provides that "[p]aragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with

6

an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). As noted above, Plaintiff has sufficiently alleged that her impairments lasted more than the six-months. Accordingly, this argument fails.

With respect to St. Vincent's causation argument, St. Vincent cites the court to *Serwatka v. Rockwell Automation, Inc.*, wherein the Seventh Circuit specifically held that a plaintiff must show "that her perceived disability was a but-for cause of her discharge." 591 F.3d 957, 963 (7th Cir. 2010). The Court noted that the ADA renders employers liable for employment decisions made "because of" a person's disability. *Id*. at 962 (citing the pre-amendment ADA). The Court further explained that "although section 12117(a) (of the ADA) cross-references the remedies set forth in section 2000e-5(g)(2)(B) for mixed-motive cases, it does not cross-reference the provision of Title VII, section 2000e-2(m), which renders employers liable for mixed-motive employment decisions." *Id*. In light of that fact, the Court concluded that an ADA plaintiff "must show that his or her employer would not have fired him but for his actual or perceived disability; proof of mixed-motive will not suffice." *Id*.

Although, as Plaintiff observes, *Serwatka* was decided before the ADAAA went into effect, the court finds the reasoning set forth in *Serwatka* applies equally here. The only textual change that is relevant to this motion is the ADAAA's general rule prohibiting employers from making employment-related decisions "on the basis of" (as opposed to "because of") an employee's disability. This small change in the text of the

ADAAA is not significant enough to transform the ADAAA into a mixed-motive statute. The court therefore finds that Plaintiff has not sufficiently pled a plausible claim for relief under the "regarded as" prong of subsection (C).

### III. Conclusion

For the reasons set forth above, the court **GRANTS** in part and **DENIES** in part, St. Vincent's Motion for Partial Dismissal Pursuant to Rule 12(b)(6) (Docket # 16). Specifically, St. Vincent's motion is **GRANTED** with respect to Plaintiff's "regarded as" claim, and **DENIED** with respect to Plaintiff's actual disability claim.

**SO ORDERED** this 9th day of January 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.