UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEEMA NAYAK, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) 1:12-cv-00817-RLY-DML |
| ST. VINCENT HOSPITAL AND<br>HEALTH CARE CENTER, INC., | )<br>)<br>) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION OF THE COURT'S ENTRY ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, St. Vincent Hospital and Health Care Center, Inc., moves for partial reconsideration of the court's Entry on Defendant's Motion for Summary Judgment, issued on May 22, 2014. For the reasons set forth below, that motion is **DENIED**.

I.  **Background**

Plaintiff was formally employed at St. Vincent pursuant to a residency contract. In a nutshell, during her second year in St. Vincent's residency program, Plaintiff had a complicated pregnancy that required her to take a medical leave of absence. Not long after Plaintiff returned to the residency program, Dr. Eric Strand, the OB/GYN Residency Program Director, notified the American Board of Obstetrics and Gynecology of St. Vincent's decision not to renew her contract. (Plaintiff's Ex. 1). Notably, the letter stated, "Due to a medically complicated pregnancy and significant concerns regarding her

1

academic progress, our program decided not to extend her contract beyond this academic year." (*Id*.).

On June 13, 2012, Plaintiff filed the present action against St. Vincent, and alleged that St. Vincent harassed, discriminated, and retaliated against her on the basis of her national origin (Indian), and discriminated against her on the basis of her gender, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). She also alleged St. Vincent discriminated and retaliated against her on the basis of her alleged disability, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), as amended by ADA Amendments Act of 2008 ("ADAAA"). Following discovery, St. Vincent moved for summary judgment.

In the court's May 2014 Entry, the court granted in part, and denied in part, St. Vincent's Motion for Summary Judgment. St. Vincent moves for reconsideration of that part of the court's Entry denying Plaintiff's ADA discrimination and retaliation claims on grounds that the court committed a manifest error of law.

## II.   Discussion

ADA discrimination and retaliation claims require but-for causation. As is relevant here, to survive summary judgment on Plaintiff's ADA discrimination claim, Plaintiff must produce evidence permitting a jury to infer that her disability was a but-for cause of her non-renewal. *Fleishman v. Continental Cas. Co.*, 698 F.3d 598, 604 (7th Cir. 2012). To survive summary judgment on her ADA retaliation claim, Plaintiff must produce evidence permitting a jury to infer that Plaintiff's medical leave of absence was a but-for cause of St. Vincent's retaliatory decision not to renew her residency contract.

*Hillman v. City of Chicago*, 2014 WL 1613921, at *25 (N.D. Ill. 2014) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2528 (2013)).

The crux of St. Vincent's motion is the court's finding that Dr. Strand's letter contained direct evidence of gender discrimination. St. Vincent maintains that, because the court found direct evidence of gender discrimination, Plaintiff cannot, as a matter of law, establish the requisite but-for causation for either her ADA discrimination claim or her ADA retaliation claim.

Plaintiff's gender and ADA claims center around the complications surrounding her pregnancy both before the birth of her son, and after. While pregnancy discrimination is a form of gender discrimination, the complications that arise therefrom may constitute a disability. These claims are thus factually, and perhaps legally, intertwined.

Moreover, simply because the court found direct evidence of gender discrimination does not mean that the jury will find St. Vincent liable. "Direct evidence is evidence that, *if believed by the trier of fact*, would prove discriminatory conduct on the part of the employer without reliance in inference or presumption." *Rhodes v. Illinois Dep't of Transp*. 359 F.3d 498, 504 (7th Cir. 2004). St. Vincent's motion asks the court to usurp the role of the jury and make that credibility determination prior to trial.

In sum, the relevant inquiry is whether there is sufficient evidence from which a reasonable jury could infer that Plaintiff's real or perceived disability was a but-for cause of St. Vincent's decision not to renew her contract. The court finds, upon review of the record, that there is. It is now for the jury to determine whether she was the victim of

gender discrimination or ADA discrimination and/or retaliation. St. Vincent's Motion to Reconsider is therefore **DENIED**.

Plaintiff also requests an award of attorneys' fees pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The court has the discretion to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by "pursu[ing] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Tate v. Ancell*, 551 Fed.Appx. 877, 891-92 (7th Cir. 2014). St. Vincent has not engaged in objectively unreasonable conduct by filing the present motion. Contrary to Plaintiff's characterization of the motion, it is not unsound or baseless, and has not unreasonably prolonged this litigation. Accordingly, Plaintiff's request for attorneys' fees is **DENIED**.

## III. Conclusion

The court finds its Entry on Defendant's Motion for Summary Judgment, dated May 22, 2014, did not contain a manifest error of law. Accordingly, St. Vincent's Motion to Reconsider (Filing No. 125) is **DENIED**.

**SO ORDERED** this 12th day of August 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.